UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MITCHELL HOUSTON JAMES

      Petitioner,

v.                                  Case No.  8:07-cv-821-T-17MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

_____

## ORDER

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Mitchell Houston James (James), a Florida prisoner. The petition attacks James's convictions for three counts of DUI manslaughter for the deaths of three college students and one count of DUI with serious bodily injury on a fourth student arising out of charges filed in the Thirteenth Judicial Circuit in Hillsborough County, Florida, in state circuit case number 99-21136A. A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

On December 14, 1999, the State Attorney charged James with three counts of DUI Manslaughter and one count of DUI with serious bodily injury (Exh. 26: V1: R 20-24). The case proceeded to a jury trial on December 4, 2000, before the Honorable Cynthia Holloway, Circuit Judge. James was represented by assistant public defenders E. Dillon Vizcarra and Lauren Musgrave. The jury found James guilty of the three

counts of DUI Manslaughter and guilty of the lesser included offense of DUI causing property damage or personal injury, a first degree misdemeanor. (Exh. 26: V2: 246-248). On January 9, 2001, the court sentenced James to life in prison on counts 1, 2, and 3, concurrent with each other, and time served on count 4 (Exh. 26: V2: 334-341).

## Direct Appeal

James pursued a direct appeal. Terri Backhus, the Special Assistant Public Defender assigned to represent James on appeal, filed an initial brief (Exh. 1) asserting the following two issues:

> I. FLORIDA LAW DEPRIVED MR. JAMES OF HIS SIXTH AMENDMENT RIGHT TO HAVE ALL ELEMENTS OF HIS CRIME PRESENTED TO A FULL AND FAIR TRIAL BEFORE A JURY. MR. JAMES' LIFE SENTENCE WAS DISPARATE AND WITHOUT SUPPORT IN THE RECORD.

> II. THE TRIAL COURT ERRED IN DENYING MR. JAMES' MOTION TO SUPPRESS MEDICAL BLOOD DRAWS AND MOTION TO DISMISS IN THAT THE STATE INTENTIONALLY DESTROYED BLOOD EVIDENCE AND THE CARS IN THE ACCIDENT FORECLOSING THE DEFENSE ABILITY TO CONDUCT INDEPENDENT TESTING OF THE BLOOD OR VISUALLY INSPECT MR. JAMES' CAR FOR MECHANICAL DEFECTS.

The State filed an answer brief (Exh. 2). On November 20, 2002, in Case No. 2D01-526, the Second District Court of Appeal filed a per curiam unwritten opinion affirming James's convictions and sentence (Exh. 3). *James v. State*, 834 So. 2d 168 (Fla. 2d DCA 2002)[table]. The court issued the mandate on December 16, 2002 (Exh. 4).

## Rule 3.850 Motion for Postconviction Relief

On September 29, 2003, James, pro se, filed a Motion for Postconviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Exh. 5). On February 25, 2004, the court summarily denied grounds 1, 2a, 2b, 2c, 4, 6, 7, 8, 10, 12, 13a, 13b, 13c, and 14, and ordered the State to respond to grounds 3, 5, and 9 (Exh 6). The State filed a response (Exh. 7), and the postconviction court ordered an evidentiary hearing on grounds 3, 5, and 9 (Exh. 8), which it held on January 20, 2005 (Exh. 9), and appointed a public defender to represent James.

However, James through privately retained counsel, filed a motion for leave to amend motion for postconviction relief, a belatedly filed amended motion to vacate, set aside, or correct sentence based upon ineffective assistance of counsel on January 20, 2005, and a second amended motion to vacate, set aside, or correct sentence based upon ineffective assistance of counsel, on February 3, 2005 (Exh. 10, 11, 12).[1] The postconviction court entered a written order denying these motions after a hearing on February 15, 2005 (Exh. 13).

On March 4, 2005, James filed a petition for writ of habeas corpus regarding the failure of his retained attorney to timely file a Rule 3.850 motion (Exh. 14). The court held an evidentiary hearing on September 29, 2005, after which it entered its final order denying the petition on May 4, 2006 (Composite Exh. 15).

---

[1] The court noted that James's judgment and sentence in case no. 99-21136 became final on December 16, 2002, and therefore James had until December 16, 2004, to timely file his motions for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure.

James timely appealed to the Second District Court of Appeal case 2D06-2817, on June 1, 2006, the following two grounds:

> I. THE LOWER COURT ERRED IN DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BASED UPON THE RULING THAT COUNSEL WAS RETAINED ONLY TO ARGUE THE MOTION AND NOT TO AMEND THE MOTION IF NECESSARY AND THAT RULE 3.850(B)(3) DID NOT APPLY TO THE AMENDMENT

> II. WHETHER THE LOWER COURT ERRED IN DENYING, AFTER AN EVIDENTIARY HEARING, THE GROUNDS RAISED BY THE APPELLANT IN HIS PRO SE MOTION FOR POSTCONVICTION RELIEF

(Exh. 16).[2]

The State filed an answer brief (Exh. 17), and on March 2, 2007, the appellate court entered its per curium affirmance of the postconviction court's orders denying relief (Exh. 18). *James v. State*, 951 So. 2d 841 (Fla. 2d DCA 2007)[table].

### Petition Alleging Ineffective Assistance of Appellate Counsel

On or about November 13, 2003, James, pro se, filed a petition in the Second District Court of Appeal alleging ineffective assistance of appellate counsel, raising eighteen grounds in case 2D03-5194 (Exh. 19). The State filed its response on March 26, 2004 (Exh. 20), and James filed a motion for leave to amend and/or supplement on April 4, 2004, and a reply to the State's response on April 7, 2004 (Exh. 21, 22). The State filed a supplemental response addressing the four additional grounds (Exh. 23), and James filed a reply to that response (Exh. 24). The Second District Court of Appeal denied the petition on August 2, 2004 (Exh. 25).

---

[2] James conceded on appeal that there was no legal basis to argue that the postconviction court erred in denying the claims argued at the evidentiary hearing on January 20, 2005, as the evidence did not establish any prejudice to Petitioner.

**THE PRESENT PETITION**

James, through counsel, timely filed the present federal petition with accompanying memorandum of law on May 11, 2007 (Doc. No.1). The petition contains four grounds alleging ineffective assistance of trial counsel and one ground alleging cumulative error.

**The Governing Legal Principles**

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir.2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir.2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir.2005), *cert. denied*, 549 U.S. 819 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the

habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

Exhaustion of State Court Remedies and Procedural Default

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355,

1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. *O'Sullivan*, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d at 891(quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," James must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United*

*States v. Frady*, 456 U.S. 152, 170 (1982)). James must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"[t]he Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

<u>No Presumption that the State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court

resolved the issue on the federal claim presented. *See Coleman,* 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

### B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir.1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994).

## DISCUSSION

### Grounds One, Two, Three and Four

James alleges in grounds one, two, three and four that his trial counsel was ineffective for various reasons. However, these grounds are procedurally barred because they were dismissed as untimely by the postconviction court (Exh. 12, 14). James, through counsel, presented these four grounds in amendments to James's pro se Rule 3.850 petition after the expiration of the two-year time limit contained in Rule 3.850. James raised the propriety of the postconviction court's ruling to the Second District Court of Appeal (Exh. 14), and the postconviction court's express application of Rule 3.850's time limit was followed by a silent affirmance (Exh 16). *James v. State*,

951 So. 2d 841 (Fla. 2d DCA 2007)[table]. Under the circumstances, the silent affirmance rests on independent and adequate state law grounds, foreclosing federal review of James's grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991)(adopting look through presumption).

If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Tower v. Phillips*, 979 F.2d 807 (11th Cir. 1992)(federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless petitioner is able to show both cause and prejudice resulting therefrom). Claims that are procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or can establish the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. at 496. Cause must ordinarily be something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 453 (ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted).

When James raised these untimely grounds, he did not validly show cause why he did not raise his claims earlier in his Rule 3.850 motion. Any further cause allegation

is barred by the two-year time limit of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and the state's successive petition bar. Not showing cause, James cannot avoid his default, as the cause and prejudice components are in the conjunctive and thus both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac,* 456 U.S. 107 (1982).

Even if James could show valid cause James is unable to meet the prejudice component of *Wainwright v Sykes*. James does not set forth a sufficient basis to conclude the claimed errors actually and substantially disadvantaged his defense so that he was denied fundamental fairness. *Baldwin v. Johnson*, 152 F.3d 1304, 1319 (11th Cir. 1998)(quoting *McCoy v. Newsome*, 953 F.2d 1252, 1261 (11th Cir. 1992)(in turn citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

There is a similar conclusion in the AEDPA's statutory tolling context. In *Sweet v. Sec'y, Dep't of Corrections*, 467 F.3d 1311, 1315 (11th Cir. 2006), the Eleventh Circuit emphasized that "when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not 'properly filed' for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims." 467 F.3d at 1318. The *Sweet* Court also stated that "when a state court determines that a petition is untimely, and also rejects the substantive claim on the merits, the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed.'" *Id.*

Grounds one, two, three and four do not warrant habeas corpus relief.

## Ground Five

James argues in ground five that the cumulative effect of the errors set forth in grounds one through four resulted in an unfair trial and a violation of his constitutional rights. However, as shown, James failed to establish error in grounds one through four and as a result cannot establish cumulative error. Ground Five does not warrant habeas corpus relief.

## James' Supplemental Memorandum of Law

Petitioner alleges, in his supplemental memorandum of law, that certain of his claims are not procedurally barred,   The Court disagrees, as discussed below.

## Ground I - Failure to Call Witnesses

In James's pro se Motion For Post Conviction Relief Pursuant To Florida Rule of Criminal Procedure 3.850, ground six stated:

> During pretrial preparations the defendant had given counsel the names of two individuals whom he had consumed alcoholic beverages with around 5:00pm on November 28, 1999. The two witnesses would have testified that the three of them shared a half pint of gin and a quart of beer together between 5:00 and 6:00pm the defendant went home around 8:00pm and was not impaired at the time.
>
> Counsel was aware that these two witness would testify in behalf of the defendant, Further the names, addresses and phone numbers of both of these witnesses were provided to counsel by the defendant and the defendant expressed his desire to have these witnesses testify in his behalf. Further, these witnesses had made themselves available.

### PREJUDICE

> The defendant was prejudice by counsel's failure to present witnesses, where had the corroborating testimony been offered at trial to bolster defendant defense, the sentence of life imposed on the defendant would

reasonably likely have been different. This decision was made against the defendant's expressed wishes, resulting in counsel's tactical or strategic decision not being conveyed to the defendant. But for counsel's decision not to call the two witness, the outcome of the trial could have been favorable to the defendant.

Counsel has a duty to represent his client to the best of his ability, the effective assistance of counsel is guaranteed by the 6th and 14th Amendment of the United States and corresponding Florida constitutional Rights. Thus, "Ineffective Assistance of counsel was shown and the defendant was prejudice." (Exh. 5; P. 33, Respondent's Exhibits).

In dismissing ground six as facially insufficient, the postconviction court stated

in the Order Denying, In Part, Motion For Post Conviction Relief And Order To

Respond:

In ground 6, Defendant claims counsel was ineffective for failing to call witnesses, which could have corroborated the Defendant's version of events at trial. Specifically, Defendant claims that he provided counsel at pretrial, the names, addresses, and phone numbers of two potential witnesses that he had consumed alcohol with on the evening of the incident. Defendant claims that the two witnesses would have testified that the Defendant and the two witnesses drank a half of pint of gin and a quart of beer between 5:00 p.m. and 6:00 p.m. Defendant further claims that the two witnesses would have testified that when Defendant went home at approximately 8:00 p.m. he was not impaired. However, Defendant asserts that counsel failed to call the witnesses at trial.

When a claim of counsel's failure to call or present a potential witness is raised, a facially sufficient motion must include the name of the prospective witness, substance of the witness's testimony, an explanation as to show the omission of this evidence prejudiced the outcome of the proceedings, and why the failure was not simply a matter of trial strategy. *See Robinson v. State*, 659 So. 2d 444 (Fla. 2d DCA 1995); *Highsmith v. State*, 617 So. 2d 825 (Fla. 1st DCA 1993). Although, Defendant claims that he provided his counsel the names, addresses, and phone numbers of the two prospective witnesses at pretrial, the Court finds that he failed to specifically allege in his motion the names of the two prospective witnesses. Therefore, the Court finds that Defendant has failed to meet the first prong of the *Highsmith* test in

that he has not identified the prospective witnesses. As such, no relief is warranted upon ground 6. (Exh. 6; pp 6-7, Respondent's exhibits).

Subsequently, in James's Amended Motion To Vacate, Set Aside, Or Correct Sentence Based Upon Ineffective Assistance of Counsel, filed January 20, 2005, beyond the two year time limit set forth in Rule 3.850, Fla. R. Crim. P., and therefore time barred,[3] he set forth the necessary missing facts, which he also set forth in his federal petition, thereby supporting his federal claim with facts from the untimely amended motion. In the amended motion, James set forth the names of the two witnesses who would purportedly testify that James was not inebriated before the accident (Exh. 10; pp. 201-202 [4-5], Respondent's exhibits). Because James's federal habeas petition in ground one included these additional facts[4] from the untimely amended motion, Respondent asserted that this ground was procedurally barred because it was dismissed by the postconviction court as untimely and was never heard on the merits. Had James argued in his federal petition the same ground six as he did in his Motion For Post Conviction Relief Pursuant To Florida Rule of Criminal Procedure 3.850, and not included the additional facts and grounds set forth in the amended motion, James's argument that Ground I is not procedurally barred would be stronger but it would still fail because ground six in the original Rule 3.850 motion was facially insufficient and thus would also be facially insufficient in the federal petition. *See generally Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.)(federal court on

---

[3] The time period for filing an amendment expired December 16, 2004. (Respondent's Exh. 12; p. 209).

[4] See James's Memorandum Of Law In Support of Application For Writ of Habeas Corpus Under U.S.C. §2254, pp. 4- 5. (Doc. No. 1). Of specific note, neither the names of the two witnesses nor the proposed defense that mechanical failure not alcohol caused the accident were included in the original Rule 3.850 motion, but they were set forth in this Memorandum of Law in support of the federal petition.

habeas review must defer to state court's interpretation and application of state law), *cert. denied*, 469 U.S. 956 (1984).

Nonetheless, even if this ground had been given a merits ruling by the postconviction court, James would not have prevailed because he would not have been able to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). At the evidentiary hearing held January 10, 2005, on grounds 2b, 3, 5, and 9 of James's Rule 3.850 motion, James's trial counsel, Dillon Viscare, testified that the accident occurred when James was driving a Cadillac southbound on Bruce B. Downs Boulevard and entered into the intersection at Fletcher Avenue against the traffic light crashing into the victim's car and at that time, James's blood alcohol level was between .234 and .237, about three times the legal limit, according to the police analyst (Respondent's Exh. 9; p. 161). James was the sole occupant of the vehicle. Viscare had retained an accident reconstructionist, Wiley Howell, who ultimately determined it was a strong case for the state (Respondent's Exh. 9; p. 162, 166-168, 181). Viscare testified he kept the accident reconstructionist on as a consultant at trial to help pinpoint the weaknesses in the State's case and to help develop the defense theory that mechanical failure could have caused the accident, which Viscare testified he argued both in opening and closing (Respondent's Exh. 9; p 169- 170).

Additionally, Viscare testified he had an expert, Wayne Meyers, testify at trial that James may not have been impaired at the time of the accident and that his blood alcohol level could have been below .08 at the time of the crash (Respondent's Exh.

9; p. 170). These are the same points James was purportedly trying to establish through the two witnesses, thus their testimony would have been merely cumulative.

Additionally, during defense counsel's cross-examination of Viscare, Viscare testified that he asked James if he had any witnesses that could verify his route of travel and testified that he did not believe he was ever provided any (Respondent's Exh. 9; p. 178). Defense counsel then asked, "You don't remember him telling you about going to D's trailer on—-at a jail visit on October 24, 2000?", to which Viscare answered, "No, I never–I

don't recall getting a D and a last name and someone that I could actually have any investigator go out and say, go talk to this person and see if you know what happened" (Respondent's Exh. 9; p.178). On redirect, the state asked as follow-up, "And you've never given, any on (sic) witnesses for Mr. James, that would testify as to what he was doing prior to the crash?", to which Viscare answered, "Not that I can recall, we did not" (Respondent's Exh. 9; pp. 191-192).

Given the foregoing testimony at the evidentiary hearing, it is clear that even if ground six had been given a merits review below and was not otherwise procedurally barred, James would not have prevailed because he would not have been able to establish either deficient performance or prejudice under *Strickland*. Although it was not a ground before the court at the evidentiary hearing, Viscare was asked about these other witnesses and testified James never told him about a "D" (presumably the Dee LNU James set forth in his amended motions and federal petition), who would testify about what James was doing just before the crash. Assuming the court would

have found Mr. Viscare's testimony credible, which is highly likely,[5] an attorney cannot be deemed ineffective if his client does not notify him about possible alibi witnesses. *See e.g., Rojas v. State*, 922 So. 2d 350 (Fla. 3d DCA 2006)(Defense counsel's purported failure to call witnesses to testify on defendant's behalf in sexual battery and false imprisonment prosecution was not ineffective assistance of counsel where counsel testified in postconviction proceedings that he had called every favorable witness known at the time, and that had defendant provided the names of other witnesses, they would have been called as well). Furthermore, a claim of ineffective assistance of counsel is a mixed question of law and fact and the court's factual findings and credibility determinations are afforded deference and if supported by competent, substantial evidence, will not be disturbed on appeal. *Sochor v. State*, 883 So.2d 766, 781 (Fla. 2004); *Stephens v. State*, 748 So. 2d 1028, 1032-33 (Fla. 1999).

James would not be able to establish prejudice either given the testimony at trial that his blood alcohol level was three times the legal limit which would have completely discredited the testimony of Dee LNU and Gally LNU who purportedly would have testified that James was not inebriated when he left their presence shortly before the accident.

Finally, as the postconviction court found in its February 15, 2005, "Order Denying Motion For Leave To Amend Motion For Postconviction Relief Filed Pursuant To Rule 3.850, Denying Amended Motion To Vacate, Set Aside, Or Correct Sentence

---

[5] In its order denying grounds 2(b), 3, 5, and 9, Judge Black specifically found Mr. Viscare's testimony at the evidentiary hearing more credible than James's. For instance, the court found James never asked Mr. Viscare to obtain cell phone bills. See "Order Denying Grounds 2(b), 3, 5, and 9 Of Defendant's Motion for Post Conviction Relief And Order to Respond On Petition For Writ Of Habeas Corpus, p. 17, attached to James's "Supplemental Memorandum Of Law In Support Of Application For Writ Of Habeas Corpus Under §2254."

Based Upon Ineffective Assistance of Counsel, And Denying Second Amended Motion to Vacate, Set Aside, Or Correct Sentence Based Upon Ineffective Assistance Of Counsel," *Nelson v. State*, 875 So. 2d 579 (Fla. 2004), which James cites in support of his argument that he should have been allowed to amend his 3.850 motion to cure his pleading defect, is inapplicable. The court stated in pertinent part:

> However, ground 6 of Defendant's Motion for Post Conviction Relief, filed on September 29, 2003, was denied by the Court in its Order Denying, In Part, Motion for Post Conviction Relief, and Order to Respond, filed on February 26, 2004, prior to the Florida Supreme Court's decision in *Nelson* because Defendant failed to specifically allege in his Motion the names of the two prospective witnesses he claims he provided to his counsel prior to trial, not because Defendant failed to allege that the witnesses were available to testify at trial...Therefore, such allegations do not meet any of the three exceptions to the two-year limitation. As such, Defendant's request for leave to amend ground 6 of his Motion for Post Conviction Relief, filed on September 29, 2003 is denied because to rule otherwise would be an expansion of the law. (Respondent's Exh. 13; p. 235).

James appealed the Final Order Denying Petition For Writ Of Habeas Corpus which had concluded counsel was retained only to argue the 3.850 motion and not to amend the motion if necessary and that Rule 3.850(b)(3) did not apply to the amendment, and the Second District Court of Appeal affirmed the court's ruling without opinion (Respondent's Exh. 16; pp. 6-9; Exh. 18). *See generally Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.)(federal court on habeas review must defer to state court's interpretation and application of state law), *cert. denied,* 469 U.S. 956 (1984).

Thus, James would not have prevailed on Ground I, even if it was not procedurally barred, which it is.

GROUNDS Two through Four

James's additional argument on grounds II-IV attempting to show cause and prejudice so that these grounds, although procedurally barred, could be heard by this Court, fails. James first concedes they were not heard by the postconviction court because the court ruled they were untimely at the conclusion of the hearings on the motions to amend and the petition for habeas corpus. The courts never ruled on the merits concluding both times that the amendments were untimely and that rule 3.850 (b)(3), did not apply to allow amendment. This ruling was affirmed by the Second District Court of Appeal (Respondent's Exh. 18). Again, a federal court on habeas review must defer to a state court's interpretation and application of state law. *See generally Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984).

Second, James's arguments on cause and prejudice are insufficient. The "cause" James needs to show in order raise these procedurally barred claims in this Court is the cause as to why he did not raise his claims earlier in his Rule 3.850 motion, not the lower court's purportedly erroneous ruling that rule 3.850(b)(3) did not apply to the circumstances. James fails to make that cause showing. The cause he does allege is a state court's interpretation and application of state law, which this Court must defer to. *Alvord v. Wainwright, supra.* Moreover, any further cause allegation is barred by the two-year time limit of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and the state's successive petition bar. Not showing cause, James cannot avoid his default, as the cause and prejudice components are in

the conjunctive and thus both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac,* 456 U.S. 107 (1982).

Even if he could show valid cause James is unable to meet the prejudice component of *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). James fails to set forth a sufficient basis to conclude the claimed errors actually and substantially disadvantaged his defense so that he was denied fundamental fairness. *Baldwin v. Johnson*, 152 F.3d 1304, 1319 (11th Cir. 1998)(quoting *McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir. 1992)(in turn citing *Murray v. Carrier*, 477 U.S. 478, 494, (1986).

James merely argues prejudice as a result of the court's failure to hear and rule on the additional grounds depriving him of a fair trial. Thus, James has failed to set forth sufficient cause and prejudice arguments in his Supplemental Memorandum Of Law In Support of Application for Writ of Habeas corpus Under U.S.C. §2254.

Accordingly, the Court orders:

That James's petition is denied. The Clerk is directed to enter judgment against James and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional

right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 20, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Mitchell Houston James